Filed 5/29/15  L.B. v. Superior Court CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| L.B., | B261760 |
| Petitioner, | (Los Angeles County Super. Ct. No. CK61451) |
| v. | |
| THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, | |
| Respondent; | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING.  Petition for extraordinary writ.  (Cal. Rules of Court, rule 8.452.)  Julie F. Blackshaw, Judge.  Petition denied.

Los Angeles Dependency Lawyers, Inc., Law Office of Marlene Furth, Melissa A. Chaitin, Lakeshia M. Dorsey, and Kyle Puro for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

INTRODUCTION

L.B. is the father of A.B., Le.B., and Malik B., who were between the ages of three and nine at the time the dependency petition was filed in this case. The juvenile court detained the children due to father's domestic violence. At the 18-month review hearing held pursuant to Welfare and Institutions Code section 366.22,[1] the juvenile court terminated father's reunification services and set a permanency planning hearing under section 366.26, and at the same time also granted the children's petition under section 388 to modify father's visits from unmonitored to monitored.

Father challenges the juvenile court's ruling, arguing the court denied him of his right to due process by proceeding with the 18-month contested review hearing without previously notifying him that it would do so at the same time as the children's contested section 388 petition, and without giving him adequate time to prepare. We disagree and deny the petition.

## PROCEDURAL BACKGROUND AND FACTS

### *Petition and Jurisdiction*

The Los Angeles Department of Children and Family Services (DCFS) detained the children on July 7, 2013, due to father's domestic violence. Father and his then-girlfriend had driven to the store and were having a discussion when all of a sudden father stopped the car in the middle of the intersection and he took the keys out of the ignition. Father and his girlfriend tussled as she tried to get the keys. Father started hitting her and knocked her down to the ground. Father was arrested for domestic violence, and also charged for kicking out the back window of the patrol vehicle at the time of his arrest. Father had been drinking just prior to this incident.[2]

---

[1]    All further statutory references are to the Welfare and Institutions Code.

[2]    Father was the subject of a prior juvenile dependency petition filed in January 2006 which sustained allegations that father and the mother (Erma B.) of A., Le., and Tiara C. had a history of exhibiting violent and assaultive behavior, and that father abused

The jurisdiction and disposition hearing was held on August 20, 2013, at which time the court sustained allegations that father's domestic violence endangered the children's physical health and safety, and also placed them at risk of physical harm. The juvenile court ordered reunification services for father, including a parenting class, a 26-week domestic violence class for perpetrators, and to submit to 12 random drug tests. The court ordered father to complete a full substance abuse treatment program if father missed any tests or if his marijuana levels did not decrease with each subsequent test.

**Six-Month Review Hearing**

At the sixth-month review hearing, DCFS reported the children were each in different foster homes. On July 23, 2014, the juvenile court found father in partial compliance with the case plan and granted further reunification services. The court scheduled the matter for the 18-month review hearing.

**18-Month Review Hearing**

The 18-month review hearing was originally scheduled for January 8, 2015. DCFS indicated in its status-review report that all three of the children remained in separate foster homes. The social worker conducted an assessment of father's home, where he resided with his new girlfriend and her three young children. DCFS also reported that it had liberalized father's unmonitored visits to overnight visits on December 10, 2014. Father, who had a Medical Marijuana Card, tested positive for marijuana on 11 of his 15 drug tests from March through July 2014. He was a "no show" for the remaining four tests. Also, father had completed parenting and domestic violence classes. The social worker recommended that the children be returned to father and that he receive family maintenance services.

---

illicit drugs and alcohol in the presence of his children. Mother and Tiara C. are not parties in the present writ proceeding.

On January 8, the day of the 18-month review hearing, the juvenile court indicated counsel for the children had interviewed the children and "learned of some troubling information relating to . . . what is happening in the father's home with the children" regarding father's drug use. Thus, "because of the urgency of the concerns," the court allowed counsel to file a section 388 petition and have a contested hearing on that petition on January 9, along with the 18-month review hearing. The court indicated the scheduling was to ensure "court efficiency."

The section 388 petition asked the court to change father's visits from unmonitored to monitored because (1) father was smoking marijuana and engaging in domestic violence with his girlfriend, both in the presence of his children during their overnight visits, and (2) father was not compliant with the case plan in that he had not drug tested since July 2014, and he admitted increasing his drug usage.

On January 9, DCFS changed it recommendation regarding visitation from unmonitored overnight visits to monitored overnight visits "in light of the new information disclosed" about father's marijuana use. DCFS also informed the court that the children had been interviewed. A. (10-years-old) denied father smoked marijuana in the home. Malik (4-years-old) said his father "smokes weed and cigarettes" in the home, but then recanted and said he smoked cigarettes only. In contrast, Le. (9-years-old) said his father smokes "W-E-E-D" (Le. spelled the word out for the social worker) in the home and in the car when he is with the children.

As a result of interviews, DCFS also changed its recommendation concerning the 18-month review hearing. It's last minute report dated January 9 said, "[Father] continues to be committed to reunifying with [A.], [Le.], and Malik. [Father] would benefit from receiving additional counseling to educate him on the risks of smoking cigarettes and/or marijuana in the presence of his children . . . . However, due to the timeframes for Family Reunification Services, [DCFS] is recommending that Family Reunification Services be terminated for father. . . ."

4

At the beginning of the contested hearing on January 9, the court told the parties they were there for both the 18-month review and the section 388 hearings. The court further said there was a "notice issue with respect to the [18-month] hearing since [DCFS] submitted a last minute" report changing its recommendation. Therefore, the court agreed to continue the 18-month review hearing and proceeded with the section 388 hearing at that time.[3] The court's minute order for January 9 expressly stated that both the *contested* 388 hearing and the *contested* 18-month review hearing were continued to January 13, 2015. That date was chosen after discussing the matter with counsel about the availability of the court, witnesses, and counsel.

On January 13, both matters were continued to January 22 due to the children's and father's counsel falling ill. On January 22 the two hearings were continued to January 29. The minute order of January 22 reminded counsel and the parties that the continued 388 and 18-month review hearings were both *contested*.

On January 29, the hearings proceeded with further testimony from Le., as well as A. and the social worker. At the end of the day, the court continued the hearings to the next day for further testimony. The court's minute order indicated both the section 388 and 18-month review hearings were continued as "trial in progress" to January 30.

The cross-examination of the social worker by the children's counsel continued on January 30. When the social worker stated her recommendation was to terminate father's reunification services, counsel said: "But you do realize we're not at a .22 contest today? It's the contest on the 388." The court responded, "We are at a .22 contest." Father's counsel replied, "No, we're not. We procedurally stated that [the] 388 that was filed on the date of the .22 would be heard on an expedited basis. You granted that. [¶] I said I

_____

[3]     The hearing proceeded with Le.'s testimony until the end of the day. Among other things, Le. described how his father smoked marijuana in the house and in the car when the children were present, how his father cut and packaged marijuana in the dining room and then sold it to another person, and how father moved what presumably was a marijuana plant (along with a light that was on shining on it) into the closet when police came to the house one day.

did not want to waive my right to set a contested .22 because it would not give me any time to prepare with the day's notice, and the recommendation was to return." The court said, "I was under the impression we were gathering evidence for both of them."

Counsel for DCFS said, "I believe the .22 is trailing along with this hearing." The court replied, "It is. I was assuming that we would consider the .22 right after the 388, but I made some representation, and I will give you more time. . . . Well, we continued both of these many times. The issues are very similar."

Counsel for the children said, "If we can go forward on the .22 today, I would support that, but my understanding as well was that the .22 would be set for a contest by the father because of the change in recommendation." The court said, "All right. Thank you. Let's proceed with the 388."

` During father's testimony elicited by his counsel, the court said, "I want to address the .22 as well. I can't imagine there being any further evidence that would be relevant in a contest with the .22. [¶] I realize there have been changing recommendations here, but we have presented hours and hours of testimony in this case, all of which is relevant both to the 388 and the .22 contest. I can't imagine that there is more preparation that [father] needs to have for this contest. [¶] So I am not going to grant a further continuance of the .22. I want to proceed with that today."

Father's counsel argued "it would be a due process violation" to proceed with the contested 18-month review hearing because DCFS's initial recommendation was return the children to their father and then that recommendation changed once the children's counsel filed the section 388 petition. Counsel also argued the court set the section 388 for a contest, but not the 18-month review hearing. The court responded, "That I don't understand because they are on the calendar together. . . . According to the order of January 22, this matter was set for a contested .22 and a contested 388 hearing. That's what the minute order says. [¶] The issues are identical. It would be a complete waste of judicial resources to . . . have the .22 tried again. . . . I'm sorry you and [children's counsel] didn't understand what the court intended, but that is what we are doing today.

6

You had a week to prepare, and we have had an enormous amount of testimony, which is completely relevant to both issues. So I would like counsel to address both issues in their argument."

The court further reminded father's counsel that DCFS changed it's recommendation on January 9, giving counsel "plenty of notice as to [DCFS'] position." The court indicated the 18-month review hearing originally began on January 8, it was continued to the 9th when Le. testified, then further continued to the 13th and then 22nd. The court said, "We have always set it together and set it as a contest together."

At the close of arguments, the juvenile determined father's testimony was not credible, while that of Le.'s was credible.[4] The court terminated reunification services and set a permanent planning hearing pursuant to section 366.26. The court also granted the section 388 petition and modified father's visitation.

Father challenges this ruling.[5]


**DISCUSSION**

Citing *David B. v. Superior Court* (2006) 140 Cal.App.4th 772 (*David B.*), father contends the juvenile court deprived him of due process by proceeding with both the section 388 and 18-month review hearings together without giving adequate notice that it was doing so. He argues, "[T]he juvenile court . . . refus[ed] to allow father to set the eighteen-month hearing for [a] contest and give him adequate time to prepare. Indeed, the court decided to treat the contested section 388 hearing as the eighteen-month contest without sufficient notice to the parties."

---

[4] Father testified Le.'s testimony, including as it concerned father's use of marijuana in the presence of his children and also Le.'s statements regarding father cultivating marijuana in the home, was false because "if [Le.] doesn't get his way, he will lie."

[5] DCFS has submitted a letter indicating it does not take a position with respect to father's claim and has not filed an answer responding to the petition.

Due process does indeed require the juvenile court to permit a parent to avail himself of the right to a contested 18-month review hearing without first making an offer of proof. (See *David B.*, *supra,* 140 Cal.App.4th at p. 780 ["A contested hearing is the minimal procedural safeguard available, one which is not onerous or unwarranted"]; see also *In re Thomas R.* (2006) 145 Cal.App.4th 726, 733 [a parent has an unfettered due process right to confront and cross-examine adverse witnesses at contested hearings held before the permanent planning stage].) But father's argument that he was deprived of this opportunity or that he was not given adequate notice is unpersuasive because the record does not support it.

As noted, the 18-month review hearing was initially scheduled for January 8. At that time, DCFS had indicated in its report that it was recommending the children be reunified with their father. But at the beginning of that hearing the juvenile court explained to the parties that the section 388 petition proposed by children's counsel was urgent and that it was the court's intent to conduct a contested hearing on that petition on January 9, along with the 18-month review hearing. The court further explained its intent to keep both hearings together as a matter of efficiency.

At the beginning of the contested hearing on January 9, the court recognized DCFS's last minute change of recommendation to terminate reunification services created a "notice issue" with respect to the 18-month review hearing, and therefore agreed to continue the 18-month review hearing and proceeded with the section 388 hearing at that time by taking live testimony from Le. The court's minute order for January 9 expressly notified the parties that both the *contested* 388 hearing and the *contested* 18-month review hearing were continued to January 13, 2015. These contested hearings were again continued to January 22 due to illness of counsel, and then to January 22. The minute order for January 22 once again reminded the parties that both hearings were *contested* and would proceed on January 29. The hearings then proceeded with live testimony on January 29, and trailed to January 30.

8

Contrary to father's claims, he and his counsel were notified a number of times of the juvenile court's intent that the 18-month review hearing was proceeding as a contested matter. Not only did the court at the outset on January 8 indicate both the section 388 and the 18-month review hearings would be kept together for efficiency, it also expressly notified the parties by minute order on January 9, and then again on January 22, that both the section 388 and the 18-month review hearings were proceeding together as *contested* matters.[6] There is no indication in the record that the court prevented father's counsel from adequately preparing or submitting any available relevant evidence concerning the contested 18-month review hearing from the time they learned of DCFS's change of recommendation on January 9 until the end of the hearing on January 30. The record indicates father and his counsel had adequate time to prepare and submit any such evidence. As a result, we find his claim unavailing.

## DISPOSITION

The petition is denied. This opinion is final forthwith as to this court under rule 8.490(b)(2)(A) of the California Rules of Court.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

BIGELOW, P. J.

We concur:

FLIER, J.         GRIMES, J.

---

[6] The fact the minute orders of January 13 and 29 did not yet again indicate the hearings were set for a "contest" is immaterial. The January 13 order continued the previously noticed contested hearings due to failure of counsel to appear as a result of illness, while the January 29 order simply continued the contested hearings that were already in progress.